[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13594
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20583-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA E. GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Garcia appeals the prison sentence of 63 months the district court

imposed after it accepted her plea of guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1341.[1]  Garcia plead guilty pursuant to a plea agreement which contained a provision addressing Garcia's cooperation with the Government and the filing by the Government of a motion for a downward departure pursuant to U.S.S.G. § 4K1.1.  The plea agreement stated that the Government reserved "the right to evaluate the nature and extent of [Garcia's] cooperation and to make her cooperation, or lack thereof, known to the [c]ourt at the time of sentencing."  If, "in [the Government's] sole and unreviewable judgement," her cooperation warranted, the Government would move the court for a downward departure pursuant to § 5K1.1 based on substantial assistance.  In signing the agreement, Garcia acknowledged that the Government was not required to file a § 5K1.1 motion.

The PSI fixed Garcia's adjusted offense level at 28, pursuant to U.S.S.G. § 2B1.1(a)(1),[2] and her criminal history category at I.  This yielded a sentence range of 78-97 months' imprisonment.  Garcia's sentencing hearing was held on five different occasions.  At the outset, the Government took the position that Garcia should receive a downward departure pursuant to § 5K1.1.  By the time the fifth

[1]  The Government informed the court at the change of plea hearing, that Garcia and her co-conspirators, DeLoach and Licata, embezzled millions of dollars from their employer, the Post, Buckley, Schuh & Jennings Corporation, over a period of 12 years.  According to the presentence report ("PSI"), Garcia, DeLoach, and Licata were responsible for losses of $9,758,735, $18,488,531, and $6,749,737, respectively.

[2]  This included a 3-level reduction for acceptance of responsibility.

2

hearing was convened, the Government recommended that the district court grant Garcia a downward departure of 12 months (from the bottom of the sentence range). The court granted the Government's motion, but departed by 15 months, instead of 12, and sentenced Garcia to a prison term of 63 months. Garcia objected to the sentence on the grounds that (1) there was an unwarranted disparity between her sentence and Licata's, (2) the court failed to articulate the degree of specificity required by Federal Rule of Criminal Procedure 32, and (3) the reduction was so insignificant as to amount to an abuse of discretion. Garcia now appeals her sentence, arguing that the Government breached the plea agreement when it failed to recommend a departure of more than 15 months. She also asks us to review the district court's departure decision.

The problem Garcia faces in advancing the argument that the Government breached the plea agreement is that she did not present the argument to the district court. She has therefore waived it. To overcome the waiver, she would have to demonstrate plain error. That is, she would have to persuade us that the court should have intervened sua sponte and required the Government to move the court for a greater downward departure. Garcia cites no precedent for such a position, and we find none. In short, there could be no plain error here.

Garcia cites no authority, and we are aware of none, for the proposition that,

under the circumstances of this case, we should review the district court's

departure decision, set it aside, and remand the case with the instruction that the

the court reconsider the departure issue.  We therefore decline to review the

departure the court made and dismiss the appeal as to that issue.

AFFIRMED, in part; DISMISSED, in part.